■ Myrtle I. Volans, Respondent, v Frank T. Price, Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered January 10, 1978 in Schoharie County, upon a decision of the court at a Trial Term, without a jury, which impressed an equitable lien on real

property owned by the defendant and granted certain other relief. Shortly after their marriage in March of 1973, plaintiff purchased a modular home that was then erected on lands owned solely by the defendant. Aware of defendant's financial inability to participate in the transaction, plaintiff used her personal funds to make this acquisition and did not request or expect any contribution from him. In December of 1975, plaintiff procured a judgment divorcing her from the defendant. Although she left the home before commencing that action, the parties had occupied it for approximately two and one-half years as their marital residence and defendant continued his occupation following the divorce. In this action plaintiff sought to impress an equitable lien on defendant's premises and to obtain a monetary judgment against him. Defendant's answer raised defenses of gift and estoppel, but, after hearing the proofs without a jury, the trial court rejected those defenses and made an award in plaintiff's favor granting her both an equitable lien and a money judgment for the cost of the modular home together with interest. The judgment should be modified. Contrary to defendant's argument, the shared possession of the home and the facts surrounding its purchase are inconsistent with the requisite donative intent and delivery on the part of plaintiff needed to find a gift. At the same time, however, since there is no indication that defendant ever assumed any personal responsibility for the modular home, plaintiff had no adequate remedy at law and the circumstances presented entitled her to an equitable lien (see *Pennsylvania Oil Prods. Refining Co. v Willrock Producing Co.,* 267 NY 427; *James v Alderton Dock Yards,* 256 NY 298, 303). There was no basis for a monetary award and it should be stricken from the instant judgment. Lastly, inasmuch as the parties had an equal right to enjoy the marital home until the divorce became final, and since plaintiff did not establish any other value for the modular home, the amount of her lien should be limited to its cost of $14,800. Judgment modified, on the law and the facts, by striking so much thereof as awarded monetary judgment against defendant and by limiting the value of the equitable lien awarded to the sum of $14,800, and, as so modified, affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Mikoll, JJ., concur.